UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNETTE MCDANIELS,<br>    Plaintiff,<br>    v.<br>JANEL ESPINOZA,<br>    Defendant. | Case No. 18-cv-03495 NC<br>**ORDER OF SERVICE**<br>Re: Dkt. No. 1 |

Petitioner Lynette McDaniels, a state prisoner incarcerated at the Central California Women's Facility, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I. BACKGROUND**

McDaniels was convicted by a jury of 6 second degree robberies and 3 counts of personal use of firearm enhancements in Santa Clara County Superior Court. Dkt. No. 1 at 3. On August 25, 2014, she was sentenced to 27 years in state prison. *Id.* at 2. McDaniels unsuccessfully appealed her conviction to the California Court of Appeal. Dkt. No. 1 at 4. Then, McDaniels filed a petition for writ of habeas corpus in Santa Clara County Superior Court allegedly raising the same claims raised here. *Id.* at 5. After the superior court denied her petition, she filed a petition with the California Court of Appeal where it was also denied. *Id.* Finally, the Supreme Court of California denied review of her petition on June 14, 2017. *Id.* McDaniels is represented by counsel and she has consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). Dkt. No. 7.

## II. LEGAL STANDARD

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that [she] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It must "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

## III. DISCUSSION

McDaniels seeks federal habeas corpus relief by claiming that she received ineffective assistance of counsel because her attorney failed to press for a ruling on the admissibility of exculpatory DNA evidence. Dkt. No. 1 at 10. According to McDaniels, the DNA evidence collected at the scene identified a "male Hispanic suspect from an unrelated criminal case" rather than McDaniels. *Id.* She argues that had the DNA evidence been admitted, there is a reasonable probability that she would not have been convicted. *Id.* at 17.

A claim of ineffective assistance of counsel requires: (1) that the attorney's errors were so deficient that the petitioner was effectively denied the assistance of counsel and (2) that the errors were prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Court proceeds to consider each element in turn.

### A. Deficiency of Counsel

First, McDaniels argues that her counsel's error was so deficient that she was denied the assistance of counsel. Dkt. No. 1 at 3. An attorney's errors are "so deficient" when they are objectively unreasonable based on prevailing professional norms. *Wiggins v. Smith*, 539 U.S. 510, 521 (2003). However, there is a "strong presumption" that the counsel's representation was within the range of reasonable professional assistance.

Case No. 18-cv-03495 NC 2

*Harrington v. Richter*, 562 U.S. 86, 104 (2011). A petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689.

Specifically, McDaniels argues that her trial counsel failed to press the court for a final ruling on the admissibility of "exculpatory DNA evidence." Dkt. No. 1 at 10. Furthermore, she alleges that her counsel conceded that the failure had "no tactical justification." *Id.* at 23. Assuming McDaniel's allegations are true, the Court does not find any clear tactical justification for counsel's failure to press the trial court for a ruling on admissibility such that McDaniels's petition is "palpably incredible" or "frivolous." Furthermore, absent justification and given the weight generally afforded to DNA evidence, the failure appears to be unreasonable. *See Williams v. Illinois*, 567 U.S. 50, 58 (2012) ("The use of DNA evidence to exonerate persons who have been wrongfully accused or convicted is well known."). Therefore, McDaniels's argument as to deficiency of counsel is sufficient under 28 U.S.C. § 2243. *See Hendricks*, 908 F.2d at 491.

### B. Prejudicial Error

Next, McDaniels argues that counsel's error was prejudicial. Dkt. No. 1 at 18. Errors are "prejudicial" when there is a "reasonable probability" that the result of the proceeding would have been different. *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011).

In particular, McDaniels argues that: (1) the DNA evidence was not ruled inadmissible by the trial court, and (2) if the DNA evidence had been admitted there was a "reasonable probability" that she would not have been convicted. Dkt. No. 1 at 18.

First, McDaniels alleges that in its order denying the petition for a writ of habeas corpus, the state trial court found that if McDaniel's counsel had pressed for a final ruling on the admissibility of the DNA evidence, the trial court would have found it inadmissible; thus, the trial court found that counsel's error was not prejudicial. *Id.* at 25. McDaniels argues that the trial court improperly based its finding on a hypothetical ruling. *Id.* The Court agrees that the trial court's allegedly hypothetical ruling does not render McDaniels's petition frivolous.

Case No. 18-cv-03495 NC          3

Second, McDaniels argues that the DNA evidence collected at the scene identified a third-party, and that it had a reasonable probability of altering the jury's finding of guilt. Dkt. No. 1 at 18. The Court notes again that DNA evidence is a particularly strong form of evidence and thus, finds that McDaniels's claim of prejudice is sufficient under 28 U.S.C. § 2243. *See Hendricks*, 908 F.2d at 491; *Williams*, 567 U.S. at 58 (strength of DNA evidence).

Therefore, the Court finds that McDaniels's petition sufficiently establishes a colorable claim for habeas relief on the basis of ineffective assistance of counsel under *Strickland* such that a response from the government is required.

## IV. CONCLUSION

For the foregoing reasons and for good cause shown:

1. The clerk must serve by certified mail a copy of this order and the petition and all attachments thereto upon respondent. The clerk must also serve a copy of this order on petitioner.

2. Respondent must file with the Court and serve on petitioner, within 60 days of the date of this order, an answer showing why a writ of habeas corpus should not be issued. Respondent must file the answer and serve on petitioner a copy of all portions of the administrative record that are relevant to a determination of the issues presented by the petition.

3. If the petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

**IT IS SO ORDERED.**

Dated: August 7, 2018

NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 18-cv-03495 NC         4